UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH GOROSPE,** | ) | **CASE NO.  5:10CV0839** |
| | ) | |
| PETITIONER, | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **KEITH SMITH, WARDEN,** | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Vecchiarelli. (Doc. No. 9.) Petitioner Joseph Gorospe ("Gorospe") has filed objections to the R&R. (Doc. No. 13.) Respondent Keith Smith ("Respondent") has filed a response. (Doc. No. 14.) The Court has conducted its *de novo* review of the matters raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, this Court grants Gorospe's Motion to Expand the Record pursuant to Rule 7 of 28 U.S.C. § 2254, accepts the R&R, and dismisses this matter.

**Factual and Procedural History**

Gorospe is an Ohio prisoner who has been sentenced to 23 years to life for the death of his wife. The factual background surrounding the crime is extensively detailed (Doc. No. 1), but is not directly relevant to the issue before the Court.

Procedurally, on April 16, 2007, Gorospe pled guilty in the Summit County Court of Common Pleas to murder in violation of O.R.C. § 2903.02(B) (Count 2), kidnapping in violation of O.R.C. §§ 2905.01(A)(2) and (3) (Count 3), tampering with evidence in violation of O.R.C. § 2921.12(A)(1) (Count 4), and domestic violence in violation of O.R.C. § 2919.25(A) (Count 5). Pursuant to the plea agreement, the court dismissed the charge of aggravated murder (Count 1).

On April 17, 2007, Gorospe was sentenced to 15 years to life for Count 2; 5 years for Count 3; 3 years for Count 4; and 6 months for Count 5, with Counts 2, 3, and 4 to be served consecutively and Count 5 concurrently.

Gorospe did not file a direct appeal,[1] but filed a timely motion for post-conviction relief on November 13, 2007, raising a claim of ineffective assistance of counsel pursuant to O.R.C. § 2953.21(D) and requesting an evidentiary hearing.[2] The state court denied the petition on February 6, 2008. Gorospe filed a timely appeal of this decision on March 6, 2008. The Ninth District Court of Appeals affirmed the decision of the lower court on December 10, 2008. On January 23, 2009, Gorospe filed a timely notice of appeal with the Ohio Supreme Court, which declined jurisdiction over his appeal on April 22, 2009.

Gorospe filed a federal habeas petition on April 21, 2010. (Doc. No. 1.) His petition alleges that his plea, conviction, and sentence are void or voidable because

---

[1] Gorospe had 30 days to file his appeal. Thus, his conviction became final on May 17, 2007, when that time period had run. The federal statute of limitations for habeas purposes began to run on May 18, 2007. 28 U.S.C. § 2244(d)(1)(A).

[2] This proceeding tolled the running of the federal statute of limitations. § 2244(d)(2).

2

he was denied effective assistance of counsel. Gorospe maintains that he was prejudiced since his trial counsel, Harry Hilow, ("Hilow") had failed to examine his mental health and to inform him that "the facts surrounding the death of his wife were evidence of provocation, and that provocation would preclude a conviction for aggravated murder and felony murder." (Doc. No. 1.)

In her R&R, the Magistrate Judge recommended granting Respondent's motion to dismiss, finding Gorospe's § 2254 petition time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

**Discussion**

*Motion to Expand the Record*

Gorospe claims that Hilow rendered ineffective assistance during his trial in failing to investigate his mental health and its effects on his actions and state of mind during the crime. (Doc. No. 1.) Since Gorospe raised this argument in his initial state post-conviction petition, there is no procedural default. Nevertheless, throughout his federal habeas proceedings, Gorospe has attached several affidavits that he had failed to present to the state courts.[3] Gorospe has moved to expand the record pursuant to Rule 7

---

[3] Ordinarily, in response to a habeas petition pursuant to § 2254, the respondent would file an answer to the petition (also sometimes called a "return of writ"), and, along with that, would have filed all the substantive documents filed in state court proceedings. However, here, Respondent filed a Motion to Dismiss instead. (Doc. No. 5.) Therefore, the Court found it necessary to examine the Summit County Court of Common Pleas electronic, public record to evaluate whether Gorospe had attempted to put affidavits before this Court that were not submitted in state court, which would be procedurally barred. 28 U.S.C. § 2254(e)(1).

3

of § 2254 with some of those affidavits, specifically, his own and his mother's. (Doc. No. 12.)

A writ of habeas corpus may not be granted unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, "a petitioner's claim must be 'fairly presented' to the state courts before seeking relief in the federal courts." *West v. Bell,* 550 F.3d 542, 551 (6th Cir. 2008) (citing *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005)).

Rule 7 of the Rules Governing § 2254 Cases provides:

> (a) In general. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
> (b) Types of materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
> (c) Review by the opposing party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

28 U.S.C. §2254, Rule 7.

The Supreme Court has held that "courts may consider additional affidavits and records so long as 'the supplemental evidence presented by [the petitioner] d[oes] not fundamentally alter the legal claim already considered by the state courts....'" *Id.* (alterations in original) (quoting *Vasquez v. Hillery,* at 474 U.S. 254, 260 (1986)); *see also Richey v. Bradshaw*, 498 F.3d 344, 351 (6th Cir. 2007); *Satterlee v. Wolfenbarger*, 453 F.3d 362, 366 (6th Cir. 2006). "The decision of whether to expand the record,

however, is within the sound discretion of the district court." *Id.* (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)).

Courts should consider allowing new evidence to support a claim "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson,* 542 U.S. 649, 652-53 (2004). "A prisoner is at fault in failing to develop the evidence if there is a 'lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'" *Landrum v. Mitchell*, 625 F.3d 905, 924 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). "The required diligence is 'a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court.'" *Id.* (quoting *Williams*, 529 U.S. at 435).

Although Gorospe did introduce similar affidavits of his own sworn testimony as well as that of his mother in state court, the affidavits submitted there were not as detailed as those submitted to this Court. Further, Gorospe cannot be faulted for failing to detail his state court affidavits to the extent of those presented to this Court. The affidavits submitted here were presented to support a demonstration of Gorospe's due diligence as required under § 2244(d)(1)(D) (*see infra*, AEDPA discussion), whereas those submitted to the state court were in support of Gorospe's claim of ineffective assistance of counsel, which did not require a detailed account of Gorospe's due diligence in pursuing his claim. In other words, the more detailed affidavits now before the Court serve a purpose that was not present and could not have been anticipated by Gorospe during state court proceedings.

5

This Court therefore will permit Gorospe to expand the record to include his affidavit as well as that of his mother. Furthermore, to the extent Gorospe relied on Dr. Martin Ryan's and Mr. James Owen's affidavits to demonstrate his due diligence under § 2244(d)(1)(D)[4] without making the proper motion, the Court will allow an expansion of the record for those as well.[5] Accordingly, Gorospe's Motion to Expand the Record (Doc. No. 12) is **GRANTED.**

### *The Antiterrorism and Effective Death Penalty Act of 1996*

This Court's review of Gorospe's petition is limited by AEDPA. AEDPA provides for a one-year period of limitation to be applied to an application for a writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Gorospe relied on both of these affidavits in his Opposition to Respondent's Motion to Dismiss. (Doc. No. 8.)

[5] The Court need not make a determination as to whether it would consider *any* of these affidavits should Gorospe's habeas petition claiming ineffective assistance of counsel ever be reviewed on the merits since their inclusion may be barred pursuant to § 2254(e)(1). The instant decision merely admits them for purposes of examining due diligence.

>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"The time during which a properly filed application for State post-conviction or other collateral review [...] is pending shall not be counted" toward AEDPA's limitation period. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (emphasis in original).

Both Respondent and Gorospe rely on different parts of AEDPA, § 2244(d)(1)(A) and (D) respectively, in arriving at what they believe is the expiration of the statute of limitations. They base their arguments on the same set of facts, but interpret them differently.

On April 17, 2007, Gorospe was convicted and sentenced. He had 30 days to file a direct appeal, but failed to do so. These 30 days do not count toward the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). As to the following six months (May 18, 2007 to November 12, 2007, the date on which Gorospe petitioned the state court for post-conviction relief), Respondent, Gorospe, and the Magistrate Judge have each come to a different conclusion as to what part of that time frame—all, none, or some, respectively—should be counted toward the limitation.

Respondent argues that April 17, 2007 was the date upon which AEDPA's clock started to tick pursuant to § 2244(d)(1)(A). According to Respondent, the 7 months between the date of conviction and the date Gorospe petitioned the state court for post-

7

conviction relief consisted of the 30 days in which Gorospe could have brought a direct appeal and 179 days thereafter, from May 18, 2007 through November 12, 2007, only the latter of which counted toward the limitation. This left Gorospe with 186 days to file his habeas petition, which restarted on the date the Ohio Supreme Court denied Gorospe's petition for review, April 22, 2009.  Thus, according to Respondent, the limitation was set to expire approximately six months later on Monday, October 26, 2009.[6]

The legal theory upon which both the Magistrate Judge and Gorospe rely provides that the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, the critical determination "is whether the 'factual predicate' for the claims (not their legal basis or all evidence supporting the claims) could have been discovered through the exercise of due diligence." *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000).

AEDPA "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000) (cited with approval by *Granger v. Hurt*, 90 Fed. Appx. 97, 100 (6th Cir. 2004)). It is the "[p]etitioner who 'bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D).'" *Morris v. Warden, S.*

---

[6] The exact date of expiration, according to Respondent, would have been October 25, 2009 but since that date fell on a Sunday, it would be moved to the next weekday.

8

*Ohio Corr. Facility*, No. 10-CV-00542, 2010 WL 5644659, at *5 (S.D. Ohio Dec. 30, 2010) (citations omitted).

The Magistrate Judge recommended that Gorospe's petition be denied on the grounds that Gorospe failed to meet the burden of due diligence between May 18, 2007 and August 11, 2007, the date which Gorospe retained new counsel. The R&R concludes that these 86 days counted toward the limitation, leaving Gorospe with 279 days to file his § 2254 petition after the Ohio Supreme Court had denied review, that is, until January 26, 2010. Gorospe missed that deadline by nearly 3 months.

Gorospe contends that, pursuant to § 2244(d)(1)(D), he, "could not through the exercise of due diligence, have been aware of the factual predicate of [his] claim of ineffective assistance of counsel set forth in his federal habeas petition until Monday, November 12, 2007, at which time his statute of limitations for filing such an action began to run pursuant to 28 U.S.C. § 2244 (d)(1)(D)." (Doc. No. 8-1, Introduction.)[7] Gorospe alleges that it was on this day that he obtained a legal opinion and affidavit of Keith Yeazel, an expert hired by Gorospe to "opine [...] whether Mr. Gorospe was denied his right of effective assistance of counsel by failing to retain a mental health expert to examine him [ ]" (Doc. No. 8-1, at 5-6). Gorospe maintains that it was Mr. Yeazel who informed him that "Mr. Hilow had in fact breached a duty to [him]

---

[7] This affidavit consists of many unnumbered paragraphs. For future reference, Mr. Owen is advised that affidavits and declarations should have numbered paragraphs, so that reference can be made to them more easily.

9

by failing to conduct a mental health examination of Gorospe, and that [ ] Gorospe suffered actual prejudice as a result." (Doc. No. 8-1, at 6.)

Since Gorospe filed for relief in state court on November 13, 2007, according to him, it was not until April 23, 2009, the day after pending state court relief was complete, that the AEDPA statute of limitations started to run. This, he argues, gave him until April 23, 2010 to file his petition, which was timely filed on April 22, 2010. Here, in order for Gorospe's theory to succeed and for his petition to be reviewable by this Court, he must demonstrate that he acted with due diligence to discover the factual predicate of his claim between May 18, 2007 through November 12, 2007.

This Court finds it incredible that Gorospe and his attorney (who was retained on August 11, 2007) did not realize until November 12, 2007 that Hilow's failure to retain a mental health expert to examine him was worthy of investigation, and that it was not until an expert opined as much that they came to that realization.

The limitation period under § 2244(d)(1)(D) does not begin "'when a prisoner actually understands what legal theories are available.'" *Cleveland v. Bradshaw*, 760 F. Supp. 2d 751, 769 (N.D. Ohio 2011) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Accord Townsend v. Lafler*, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004)). "Rather, the year 'begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Id.* Gorospe and his attorney did not have to await an expert statement from Mr. Yeazel to conclude that they could have brought a claim of ineffective

10

assistance of counsel. Instead, the critical point would be when Gorospe himself had knowledge of the important *facts*.

Statements made by Gorospe and his mother in their affidavits support a conclusion that the factual predicate upon which Gorospe could base his claim for ineffective counsel appears to have been known long before Mr. Yeazel's expert statement. Gorospe, in his affidavit, states that "[i]t wasn't until late June when I got a new cellmate that I began to question my conviction and sentence [. . .]. He thought that it was wrong that I did not receive a psychological evaluation before pleading guilty, and I began to seriously question what had happened in my case." (Doc. No. 13-1, ¶ 2.) These facts alone demonstrate that Gorospe had knowledge of the factual predicate leading to his claim of ineffective assistance of counsel in June, 2007.

Gorospe's affidavit provides support for an even earlier date. As early as May 2007, both Gorospe and his mother state that he had written a letter to Hilow questioning why his mental health had not been examined, but Hilow never responded. (Doc. No. 13-1, ¶ 2; Doc. No. 13-2, ¶ 11.) Both of these statements are inconsistent with his claim that he had not understood, and could not have possibly understood with due diligence, the relevant factual predicate leading to his claim of ineffective assistance of counsel until November 12, 2007.

In *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001), the court held that, for AEDPA purposes, the clock would start ticking when the prisoner learned facts that supported a good faith basis for arguing prejudice arising from ineffective assistance of counsel, not when the prisoner understood the legal significance of the facts known to

11

him. *Id.* at 1154 & n. 3. Likewise, Gorospe had learned facts that could have supported a good faith basis for arguing prejudice arising from ineffective assistance of counsel as early as May of 2007 and yet he had not retained new counsel until August 11, 2007, nearly three months later, and did not file for post-conviction relief until November 12, 2007.

Even assuming that Gorospe did not know of the factual predicate until November 12, 2007, Gorospe has failed to demonstrate due diligence between May 18, 2007 and August 11, 2007. At the outset, this Court will clarify the meaning of "due diligence." Gorospe, in his objection to the Magistrate Judge's R&R, protests her definition of "due diligence" under § 2244(d)(1)(D), alleging that she defined it as "maximum feasible diligence of a person with the knowledge base and resources of a licensed attorney." (Doc. No. 13, at 11.)

Although the Court did not find an exact definition for "due diligence" in the Magistrate Judge's R&R, the Court did find that she properly and consistently referred to the diligence required of Gorospe as "reasonable diligence" or "proper diligence." There is nothing in the Magistrate Judge's R&R to support Gorospe's contention that she had construed "due diligence" as "maximum feasible diligence," nor does the recommended decision reflect that interpretation.

Assuming that Gorospe truly did not know of the factual predicate until November 12, 2007, he would bear the burden of demonstrating that he exercised due diligence between May 18, 2007 and November 12, 2007. Gorospe has failed to meet this burden. In his current counsel's affidavit, in a section explicitly titled "Exercise of due

12

diligence," Mr. Owen lists the dates, on an almost daily basis, which he alleges demonstrate due diligence, and supports this with specific facts. (Doc. No. 8-1, at 1.)[8] However, Mr. Owen does not list any dates or details demonstrating Gorospe's diligence between April 18, 2007 through August 11, 2007.

Mr. Owen's affidavit does provide that "Mrs. Gorospe [. . .] told me that over the past 3 to 4 months she had contacted several other attorneys to seek their help in answering her questions about the plea but that none of the attorneys she had contacted were willing to look into the matter." (Doc. No. 8-1, at 2.)

Gorospe appears to claim that because his mother diligently searched for counsel to represent him and was unable to find an attorney until August 2007, the Court should find that this was sufficient due diligence. The Court disagrees. "Due diligence, under subsection (D), has been found where *facts* previously undiscoverable come to light through a petitioner's due diligence. There is no case law suggesting that subsection (D) was intended to encompass a petitioner's diligent search for an attorney. In fact, habeas petitioners have no right to counsel." *Roland v. Scribner*, No. C 04-4623 MJJ, 2005 WL 2206578, at * 3 (N.D. Cal. Sept. 8, 2005) (emphasis in original). Gorospe could have filed a timely petition *pro se* during the time of delay. His failure to do so provides even more support for finding a lack of due diligence. Furthermore, even if a diligent search for counsel did trigger subsection (D), Gorospe has not demonstrated *his own* due diligence in that search.

---

[8] As noted earlier, this affidavit is lengthy and is difficult to cite because its paragraphs are unnumbered.

This Court therefore agrees with the conclusion of the Magistrate Judge that Gorospe has failed to meet his burden of demonstrating due diligence between the date his conviction became final and August 11, 2007. Thus, in order for this Court to be able to review Gorospe's § 2254 petition, Gorospe would have to demonstrate to the Court that he is entitled to equitable tolling.

### *Equitable Tolling Analysis*

The one-year limitations period applicable to § 2254 is a statute of limitations "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *see Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). The application of equitable tolling is a question of federal law. *Keenan*, 400 F.3d at 420-21. AEDPA's "statute of limitations defense ... is not 'jurisdictional.'" *Holland*, 130 S.Ct. at 2560 (ellipsis in original) (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)). "It does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'" *Id.* (quoting *Day*, 547 U.S. at 208).

"In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan*, 400 F.3d at 421 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). However, equitable tolling "will not 'revive' the statute, or cause it to begin running anew." *Cleveland v. Bradshaw*, 760 F.Supp.2d 751, 769 (N.D. Ohio 2011) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). Rather, tolling

will "only stop[], but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." *Cordle,* F.3d at 48, n.4.

The Supreme Court has set forth a two-pronged analysis for petitioners seeking equitable tolling of the habeas statute of limitations. Here, the petitioner has the burden of establishing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(emphasis deleted)).

Equitable tolling of AEDPA's statute of limitations is permitted "only if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time[.]" *Price v. Lewis*, 119 Fed. Appx. 725, 727 (6th Cir. 2005) (citations omitted) (emphasis added in original). Moreover, courts have held that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561 (citing *Johnson v. United States Postal Serv.*, 863 F.2d 48 (Table) (6th Cir. 1988)).

Because Gorospe filed his petition exactly 364 days from the date on which *he believed* AEDPA's clock started ticking, every single day which the Court does not equitably toll between May 18, 2007 and August 11, 2007 cuts against him and makes him fall short of meeting the limitation. Gorospe relied on § 2244(d)(1)(D), which is open to differing points of view as to exactly when the factual predicate could have been discovered, and chose to rely on the point in time that put him at the most peril.

Although Gorospe has demonstrated through the support of his own affidavit as well as that of his attorney that he fulfilled the first prong of *Holland* by acting with reasonable diligence between August 11, 2007 and November 12, 2007, the remaining 86 days are unaccounted for. Gorospe does state that his mother was diligently attempting to retain new counsel for those 3-4 months, but, as previously discussed, that alone does not demonstrate reasonable diligence.

Moreover, since Gorospe was not entitled to an attorney in the first instance, any delay was unnecessary. Gorospe could have filed for post-conviction relief and habeas relief *pro se*. Thus, the Court finds that the reason for the delay proffered by Gorospe does not constitute reasonable diligence to entitle him to equitable tolling.

Even if Gorospe were given the benefit of the doubt that he acted with reasonable diligence throughout the entire six months, he still is unable to fulfill the second prong of *Holland* in showing that some extraordinary circumstance stood in the way of his filing a timely petition.

Since Gorospe is unable to demonstrate that he is entitled to equitable tolling, this Court does not have jurisdiction to review his time-barred habeas petition.

Finally, even if Gorospe's claim was not time-barred by AEDPA, this Court would be compelled to reject his petition on the grounds that his claim of ineffective assistance of counsel has been adjudicated on the merits in state court proceedings. 28 U.S.C. § 2254(d)(2). Here, unless the state court adjudication was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," (§ 2254(d)(1)), or resulted in a

16

"decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," (§ 2254(d)(2)), neither of which this Court has found, then this Court does not have jurisdiction to review Gorospe's petition.

**Conclusion**

For the reasons set forth above, having conducted the required *de novo* review, the Court rejects petitioner's objections to the R&R, accepts the R&R, and dismisses this case.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 22, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**